USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 05/11/2016

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
:
PACIFIC LEGWEAR, INC.,                                                  :
:
                Plaintiff,                                  :      16-CV-2064 (JMF)
:
         -v-                                                        :      MEMORANDUM OPINION
:           AND ORDER
LISA SIZEMORE, et al.,                                                  :
:
                Defendants.                                 :
:
------------------------------------------------------------------------X

JESSE M. FURMAN, United States District Judge:

      Pacific Legwear, Inc. ("PacLeg"), a designer and distributor of hosiery, filed this case in state court asserting claims, including one claim under federal law, against (1) PacLeg's former President, Lisa Sizemore ("Sizemore"); (2) the company that Sizemore joined after leaving PacLeg, Everything Legwear LLC ("Legwear"); and (3) PacLeg's former licensor, Frannie Girl Products, Inc. ("Frannie Girl" and, together with Sizemore and Legwear, "Defendants"). Citing the one federal claim, Defendants removed the case to this Court, but Plaintiff then amended its complaint to remove the sole federal claim and now moves to remand. (Docket No. 13). For the reasons that follow, Plaintiffs' motion is GRANTED and the case is remanded to state court.

## BACKGROUND

      PacLeg, a New York corporation with headquarters in New York City, originally filed this case in New York Supreme Court in February 2016, bringing claims against Sizemore, a citizen of Texas; Legwear, which is incorporated in Arkansas with headquarters in Fayetteville, Arkansas; and Frannie Girl, which is a New York corporation with headquarters in Merrick, New York. (*See* Am. Compl. (Docket No. 8) ¶¶ 3, 7-8; *see also* Decl. A.J. Monaco Supp. Defs.

Opp'n Pl.'s Mot. To Remand (Docket No. 20) ¶¶ 6-7; *id.*, Ex. 4).  According to the operative Amended Complaint, Sizemore took steps to set up a competing company, Legwear, while still employed as the President of PacLeg.  (*See* Am. Compl. ¶¶ 15-22).  To the extent relevant here, Plaintiff alleges that Sizemore worked with Frannie Girl to ensure that its licensing agreement with PacLeg would terminate so that Frannie Girl could enter into a similar licensing agreement with Legwear.  (*See id.* ¶¶ 22-23).  Frannie Girl then negotiated a license agreement with Legwear through Sizemore while she was still working as PacLeg's president.  (*Id.* ¶¶ 27-28).  Finally, the Amended Complaint alleges that Frannie Girl purchased a shipment of licensed product from PacLeg "as an accommodation to Legwear" in order to provide Sizemore's new company with an immediate source of stock to get it up and running.  (*Id*. ¶¶ 30-31).

PacLeg's original Complaint alleged eight causes of action — seven under state law and one under the Computer Fraud and Abuse Act ("CFAA") against Sizemore alone based on her alleged appropriation of and interference with proprietary information data stored on PacLeg computers and hard drives.  (*See* Notice of Removal (Docket No. 1), Ex. A ¶¶ 88-95).  On March 21, 2016, Defendants removed the case to this Court, invoking federal question jurisdiction based on the CFAA claim.  (*See* Docket No. 1).  The next day, the Court issued a Notice of Initial Pretrial Conference, which, *inter alia*, directed the parties to be prepared to address the validity of Plaintiff's CFAA claim in light of *United States v. Valle*, 807 F.3d 508, 523-28 (2d. Cir. 2015), and *Advance Watch Co. v. Pennington*, No. 13-CV-8169 (JMF), 2014 WL 5364107, at *3-4 (S.D.N.Y. Oct. 22, 2014).  (Docket No. 9).  That same day (about two hours before the Notice of Initial Pretrial Conference was docketed, but after it had been signed), PacLeg filed an Amended Complaint; the Amended Complaint is identical to the original Complaint, except that it omits the CFAA claim.  (Docket No. 8).  In the absence of a federal claim, Plaintiff now

moves to remand the case back to state court. (Docket No. 13). Defendants oppose the motion, arguing, *inter alia*, that the Court has diversity jurisdiction because Frannie Girl was fraudulently joined for the sole purpose of defeating diversity jurisdiction. (*See* Defs.' Mem. Law Opp'n Pl.'s Mot. To Remand (Docket No. 19) ("Defs.' Opp'n") 7-17).

## DISCUSSION

The question in this case is not whether the Court has subject-matter jurisdiction — that is, the *power* to hear and decide the case. It plainly does, as "the presence or absence of subject matter jurisdiction is determined based on the complaint in effect at the time of removal" and a post-removal amendment of the complaint "that deletes all federal claims, leaving only pendent state claims, *does not* divest the district court of its properly triggered subject matter jurisdiction." *Gan v. Hillside Ave. Assocs.*, No. 01 CIV. 8457 (AGS), 2001 WL 1505988, at *2 (S.D.N.Y. Nov. 26, 2001) (quoting *Hook v. Morrison Milling Co.*, 38 F.3d 776, 780 (5th Cir. 1994)); *see also Spehar v. Fuchs*, No. 02-CV-9352 (CM), 2003 WL 23353308, at *7-8 (S.D.N.Y. June 18, 2003) ("[W]hen plaintiffs drop their federal claims, federal courts have the discretion to determine whether to remand the state claims or to retain the supplemental jurisdiction that was acquired at the time of removal . . . ."). As a general rule, however, "when all federal claims are eliminated in the early stages of litigation, the balance of factors generally favors declining to exercise [supplemental] jurisdiction over remaining state law claims." *Tops Markets, Inc. v. Quality Markets, Inc.*, 142 F.3d 90, 103 (2d Cir. 1998); *see also Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 (1988). Thus, absent another basis for this Court to exercise jurisdiction, Plaintiff would appear to have a strong case for remand.

Defendants argue that there is another basis for the Court to exercise jurisdiction — namely, diversity. *See* 28 U.S.C. § 1332. On the face of the Amended Complaint, there is one

3

obstacle to that argument: the parties are not "completely diverse," as required to create diversity jurisdiction, because Plaintiff and Frannie Girl are both citizens of New York.  *See Penn. Pub. Sch. Emps.' Ret. Sys. v. Morgan Stanley & Co., Inc.*, 772 F.3d 111, 117-18 (2d Cir. 2014).  Defendants seek to overcome that obstacle by relying on the doctrine of fraudulent joinder, pursuant to which a court may disregard a non-diverse party if it concludes that party has been "fraudulently joined" for the purpose of defeating complete diversity.  *See Pampillonia v. RJR Nabisco, Inc.*, 138 F.3d 459, 460-61 (2d Cir. 1998); *In re Fosamax Prods. Liab. Litig.*, No. 06-MD-1789 (JFK), 2008 WL 2940560, at *3 (S.D.N.Y. July 29, 2008).  In order to show that a non-diverse defendant has been fraudulently joined, a removing defendant "must demonstrate, by clear and convincing evidence, either that there has been outright fraud committed in the plaintiff's pleadings, or that there is no possibility, based on the pleadings, that a plaintiff can state a cause of action against the non-diverse defendant in state court." *Pampillonia*, 138 F.3d at 461.  In this case, Defendants do not argue that there has been "outright fraud" on Plaintiff's part.  Instead, they contend that "there is no possibility, based on the pleadings," that Plaintiff can state a claim against Frannie Girl.  (*See* Defs.' Opp'n 9-17).

Significantly, Defendants "bear[] a heavy burden" in pressing that argument.  *Pampillonia*, 138 F.3d at 461.  In particular, because the fraudulent joinder analysis is "preliminary to any decision on the merits," a court should both "resolve[] any uncertainties in applicable state law in plaintiffs' favor and subject[] the complaint to less searching scrutiny than on a motion to dismiss for failure to state a claim." *Intershoe v. Filanto S.P.A.*, 97 F. Supp. 2d 471, 474 (S.D.N.Y. 2000); *see also Pampillonia*, 138 F.3d at 461 (holding that "all factual and legal issues must be resolved in favor of the plaintiff" in deciding whether a non-diverse defendant has been fraudulently joined).  At the same time, the phrase "no possibility" has not

been read literally; instead, it has been construed to mean that there is "no reasonable basis" for a plaintiff's claims against the allegedly fraudulently joined defendant. *In re Rezulin Prods. Liab. Litig.*, 133 F. Supp. 2d 272, 280 n.4 (S.D.N.Y. 2001) (internal quotation marks omitted).

Here, Defendants fail to carry their heavy burden of proving fraudulent joinder by clear and convincing evidence. Plaintiff brings two claims against Frannie Girl: aiding and abetting a breach of fiduciary duty and conspiracy to do the same. To state a claim for the former under New York law, a plaintiff must show "(1) a breach by a fiduciary of obligations to another, (2) that the defendant knowingly induced or participated in the breach, and (3) that plaintiff suffered damage as a result of the breach." *Lerner v. Fleet Bank, N.A.*, 459 F.3d 273, 294 (2d Cir. 2006) (internal quotation marks omitted). Defendants do not contest that Plaintiff adequately alleges that Sizemore breached a fiduciary duty to Plaintiff and that it suffered damages as a result of that breach. Instead, they argue that Plaintiff fails to allege facts that could support the second element: that Frannie Girl "knowingly induced or participated in the breach." *Id.* With respect to that element, "a plaintiff is not required to allege that the aider and abettor had an intent to harm," but "there must be an allegation that such defendant had actual knowledge of the breach of duty." *Kaufman v. Cohen*, 760 N.Y.S.2d 157, 169 (App. Div. 2003); *see also Lerner*, 459 F.3d at 294. Additionally, a defendant cannot knowingly participate in a breach of fiduciary duty unless "he or she provides 'substantial assistance' to the primary violator." *Kaufman*, 760 N.Y.S.2d at 170. Defendants argue that Plaintiff's claims fall short of both those requirements. (*See* Def's Opp'n 10-14).

Specifically, Defendants argue first that there is no reasonable basis for Plaintiff's aiding-and-abetting claim because the Amended Complaint alleges that Frannie Girl had only constructive knowledge of Sizemore's breach of fiduciary duty. (Defs.' Opp'n 10-11). The

5

Court disagrees. To survive a motion to dismiss, a plaintiff can "allege facts giving rise to a 'strong inference' of defendant's actual knowledge of the underlying harm." *Kirschner v. Bennett*, 648 F. Supp. 2d 525, 544 (S.D.N.Y. 2009) (quoting *Fraternity Fund Ltd. v. Beacon Hill Asset Mgmt., LLC*, 479 F. Supp. 2d 349, 367 (S.D.N.Y. 2007)). Here, Plaintiff alleges that Frannie Girl "had been dealing with Sizemore as President of PacLeg for three years" (Am. Compl. ¶ 28), which gives rise to a strong inference that Frannie Girl was aware that Sizemore owed a fiduciary duty to PacLeg. Yet despite that knowledge, and "while Sizemore was still employed by PacLeg," Frannie Girl allegedly negotiated and entered into a licensing agreement with Sizemore on behalf of a different company. (*Id.*). Resolving all factual and legal issues in favor of Plaintiff, the Court cannot conclude that there is no reasonable basis to Plaintiff's contention that it has alleged sufficient facts to satisfy the actual-knowledge requirement.

Defendants alternatively argue that there is no reasonable basis to Plaintiff's aiding-and-abetting claim against Frannie Girl because it does not allege that Frannie Girl provided "substantial assistance" to Sizemore in her alleged breach of fiduciary duty. "Substantial assistance occurs when a defendant affirmatively assists, helps conceal or fails to act when required to do so, thereby enabling the breach to occur." *Kaufman*, 760 N.Y.S.2d at 170; *see also Pope v. Rice*, No. 04-CV-4171 (DLC), 2005 WL 613085, at *12 (S.D.N.Y. Mar. 14, 2005). That Frannie Girl exercised its right to let its agreement with PacLeg "terminate upon the expiration of the initial three-year term," Defendants argue, "constitute[s] nothing more than normal commercial conduct and cannot, therefore, serve as the basis for PacLeg's aiding and abetting claim." (Defs.' Opp'n 12). *See In re Sharp Int'l Corp.*, 403 F.3d 43, 47-53 (2d Cir. 2005) ("Under *Kaufman*, a company in a position to thwart or expose a breach of fiduciary duty may protect its interests by doing neither, sitting tight, and being quiet."); *Roni LLC v. Arfa*, 897

N.Y.S.2d 421, 422 (App. Div. 2010) (holding that proof of "activities which are part of ordinary real estate lawyering" were not enough to state "a cause of action for aiding and abetting" a breach of fiduciary duty). That may be so, but Plaintiff alleges more than that. According to the Amended Complaint, Frannie Girl not only allowed its agreement with PacLeg to lapse, but also negotiated a new licensing agreement with Legwear at the same time through Sizemore. (Am. Compl. ¶¶ 26-28). In addition, Plaintiff alleges that Frannie Girl actively assisted Sizemore in getting Legwear up and running by "purchasing 4,800 units of [licensed] product from PacLeg" knowing that Legwear would then use that product to "stock its showroom and quickly fill purchase orders" in order to hit the ground running and "compete with PacLeg." (*Id.* ¶¶ 30-31). Those allegations, accepted as true, are sufficient to establish that there is a reasonable basis for Plaintiff's claim. *Cf. Schneider Leasing Plus v. Stallone*, 569 N.Y.S.2d 126, 128 (App. Div. 1991) (holding that "third parties who have knowingly participated in" and "encouraged" a breach may be held liable for aiding and abetting that breach).

Frannie Girl may well prevail on the merits. Indeed, applying the standard rules for motions to dismiss, it may even prevail in its argument that Plaintiff fails to state an aiding-and-abetting claim against it. (*See* Def. Frannie Girl Products, Inc.'s Mem. Supp. Mot. To Dismiss (Docket No. 11) 5-10). But applying the (even) more forgiving standards that apply to the fraudulent-joinder inquiry, the Court cannot conclude that there is "no reasonable basis" to Plaintiff's aiding-and-abetting claim against Frannie Girl and thus rejects Defendants' argument that Frannie Girl was fraudulently joined.[1] It follows that the only basis for this Court to

---

[1] Substantially for the reasons stated in Defendants' memorandum of law (*see* Defs.' Opp'n 14-17), Plaintiff's conspiracy claim against Frannie Girl appears to be much weaker. Nevertheless, in light of the Court's conclusion with respect to the aiding-and-abetting claim, it need not address whether there is a reasonable basis to Plaintiff's conspiracy claim.

exercise jurisdiction over Plaintiff's remaining state-law claims is supplemental or pendent jurisdiction pursuant to Title 28, United States Code, Section 1367.  Under that provision, a district court has discretion over whether to exercise jurisdiction over state-law claims "that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution."  28 U.S.C. § 1367(a).  As noted, however, the Supreme Court and the Second Circuit have made clear that, as a general rule, when all federal claims are dismissed in the early stages of the litigation, any remaining state-law claims should be dismissed or remanded as well.  *See, e.g.*, *Tops Markets, Inc.*, 142 F.3d at 103; *see also Carnegie-Mellon Univ.*, 484 U.S. at 350 n.7; *United Mine Workers v. Gibbs*, 383 U.S. 715, 726 (1966).  Here, the Court concludes that there is no reason to depart from that general rule.  Given the relatively early state of the case (the Court has not yet held the initial conference and Defendants' motion to dismiss has been held in abeyance pending adjudication of Plaintiff's motion to remand), and notwithstanding the fact that Plaintiff may well be engaging in some degree of forum shopping, the traditional "values of judicial economy, convenience, fairness, and comity" that the Court must consider, *see Carnegie Mellon Univ.*, 484 U.S. at 350, do not counsel in favor of exercising jurisdiction.[2]

---

[2] It is worth noting that Plaintiff's CFAA claim would almost certainly have been dismissed in light of the Second Circuit's decision in *Valle*.  Had that happened, the Court would likely have declined to exercise supplemental jurisdiction over Plaintiff's state-law claims, even if Plaintiff had not independently moved to remand.  Given that Plaintiff is the master of its own complaint, *see, e.g.*, *Caterpillar Inc. v. Williams*, 482 U.S. 386, 395 (1987), and that some deference is owed to a plaintiff's choice of forum, *see, e.g.*, *Iragorri v. United Techs. Corp.*, 274 F.3d 65, 71 (2d Cir. 2001), the fact that Plaintiff short-circuited the process and dropped the CFAA claim on its own does not call for a different result.

## CONCLUSION

For the foregoing reasons, Plaintiff's motion to remand its remaining claims to state court is GRANTED. Further, in light of that result, Frannie Girl's pending motion to dismiss (Docket No. 10) is DENIED as moot. Accordingly, the Clerk of Court is directed to terminate Docket Nos. 10 and 13; to remand this case to the Supreme Court of New York, County of New York, for further proceedings; and to close the case.[3]

SO ORDERED.

Date: May 11, 2016
New York, New York

JESSE M. FURMAN
United States District Judge

---

[3] As Defendants note (*see* Defs.' Opp'n 23), if the state court dismisses Plaintiff's claims against Frannie Girl on remand, Defendants may well be able to remove the case back to this Court. *See* 28 U.S.C. 1446(b)(3); *Caterpillar Inc. v. Lewis*, 519 U.S. 61, 68-69 (1996) ("In a case not originally removable, a defendant who receives a pleading or other paper indicating the postcommencement satisfaction of federal jurisdictional requirements — for example, by reason of the dismissal of a nondiverse party — may remove the case to federal court within 30 days of receiving such information."); *Noyes v. Univ. Underwriters*, 3 F. Supp. 3d 1356, 1363 (M.D. Fla. 2014) ("A case becomes removable [under Section 1446(b)(3)] once the non-diverse defendant is formally dismissed from the case."). That possibility — and it is only a possibility, as the state court may not dismiss both of Plaintiff's claims against Frannie Girl or removal may be time barred, *see* 28 U.S.C. 1446(c)(1) ("A case may not be removed under subsection (b)(3) on the basis of [diversity jurisdiction] more than 1 year after commencement of the action . . . .") — does not call for this Court to deviate from the general rule and exercise jurisdiction over what is, at its heart, a state case. *See, e.g.*, *Tops Markets, Inc.*, 142 F.3d at 103; *Castillo v. Ford Motor Co.*, No. 14-CV-1253 (ABC), 2014 WL 1466854, at *3 (C.D. Cal. Apr. 15, 2014).